UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Norfolk Division**

| | |
|---|---|
| JOSHUA PATERNOSTER-COZART, #0041079, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>JIM O'SULLIVAN, Acting Superintendent, )<br>Hampton Roads Regional Jail, *et al.*, )<br>)<br>Respondents. ) | Case No.: 2:17cv148 |

### REPORT AND RECOMMENDATION

Before the Court is a Petition and Amended Petition for a Writ of Habeas Corpus filed by *pro se* Petitioner Joshua Paternoster-Cozart ("Petitioner") pursuant to 28 U.S.C. § 2254. ECF Nos. 1 and 6. The District Court previously dismissed Petitioner's action on the grounds that he failed to exhaust his state remedies. ECF No. 10. Petitioner appealed to the Fourth Circuit, which vacated the Judgment on the grounds that the District Court's disposition by Dismissal Order was "recommended by" the undersigned Magistrate Judge ("the undersigned"), and thus the parties were not given the opportunity to object pursuant to 28 U.S.C. § 636(b)(1)(C). ECF No. 16. Following the issuance of the mandate, the matter was remanded to the District Court, and subsequently re-referred by the District Judge to the undersigned for further proceedings. ECF No. 19.

In his Amended Petition, Petitioner alleged that his constitutional rights were violated in connection with his November 7, 2016 conviction in the York County General District Court for Shoplifting, Under $200. ECF No. 6 at 1. Petitioner was sentenced to serve twelve (12) months in prison. *Id.* Section 2254 allows a prisoner held in state custody to challenge his detention on

the ground that his custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A state prisoner, however, must exhaust his available state remedies or demonstrate the absence or ineffectiveness of such remedies before petitioning for federal habeas relief in order to give "state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). Importantly, "[t]he burden of proving that a claim is exhausted lies with the habeas petitioner." *Id.* at 618. The exhaustion requirement is satisfied if the prisoner seeks review of his claim in the highest state court with jurisdiction to consider it through either direct appeal or post-conviction proceedings, *see O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999), and the "essential legal theories and factual allegations advanced in the federal court [are] the same as those advanced at least once to the highest state court," *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), *aff'd*, 996 F.2d 1560 (4th Cir. 1993).

It appears from the record that Petitioner has circumvented Virginia's state courts by failing to present his claims to the Virginia Supreme Court, and, therefore, he has not exhausted his state remedies. This he may not do. In his Amended Petition, Petitioner stated that he appealed his conviction, but withdrew his Petition for Appeal on January 6, 2017. ECF No. 6 at 2. Petitioner also sought further review by a higher state court in a collateral proceeding, *id.* at 3 (responding "Yes" to the question of "Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?"), when he petitioned the York County Circuit Court for a Writ of Habeas Corpus on January 26, 2017. Petitioner said that the "Petition for proceeding in civil case without payment of fees or costs was denied and petition was returned unfiled." *Id.*

2

However, the documents Petitioner included from the Circuit Court show that the court did not deny his state habeas petition, but denied his petition to proceed in a civil case without payment of fees or costs. *Id.* at 18. Since Petitioner never paid the fees or costs required to file a civil case, his state habeas petition was never filed in the Circuit Court.

Before gaining access to the federal courts on his habeas petition, Petitioner must present his claims to the state's highest court. In Virginia, that court is the Supreme Court of Virginia. As noted, the purpose of the exhaustion doctrine is, "to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . ." *O'Sullivan*, 526 U.S. at 845. Accordingly, "[the petitioner] must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* By withdrawing his Petition for Appeal to the Supreme Court of Virginia and never properly filing his state habeas petition, Petitioner did not give the state courts a full and fair opportunity to resolve his claims. Therefore, in light of Petitioner's failure to prove that his claim is exhausted, the undersigned **RECOMMENDS** that the Petition and Amended Petition, ECF Nos. 1 and 6, be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**[1]

## REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Petitioner is notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date

---

[1] It appears from the Court's docket that, inasmuch as Petitioner has registered with the Court a change of address, *see* docket entry for 1/24/18, Petitioner may no longer be "in custody" as required for the Court to consider his habeas petition under 28 U.S.C. § 2254. "The 'in custody' requirement is jurisdictional; if a habeas petitioner is not 'in custody' for the conviction or the sentence he is challenging, then the petition must be dismissed for lack of subject matter jurisdiction." *Allison v. Clarke*, No. 2:15-cv-144, 2016 WL 4582080, at *2 (E.D. Va. June 3, 2016) (citing *Lawson v. Dotson*, No. 3:11CV-P384-H, 2014 WL 186868, at *3 (W.D. Ky. Jan. 15, 2014)).

this Report and Recommendation is forwarded to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to Petitioner and to the Respondents.

/s/
Lawrence R. Leonard
United States Magistrate Judge

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
February 7, 2018